IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LYNN PETTY, <br> CHARLES R. PETTY, and <br> LYNN PETTY as next of friend <br> to minor child, B.B., <br>     Plaintiffs, <br><br> v. <br><br> CLIENT SERVICES, INC. and <br> JAMES BLACK, individually and <br> jointly, <br>     Defendants. | § § § § § § § § § § § § § | <br><br><br><br><br><br> CIVIL ACTION <br> FILE NO.:  2:05cv1005-D <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW,** Charles R. Petty, Lynn Petty, and Lynn Petty as next of friend to minor child, B.B., plaintiffs (hereinafter "Petty") in the above-styled action and respectfully files this their Complaint against Client Services, Inc. (hereinafter "Client Services") and James Black (hereinafter "Black"), individually and jointly as follows:

### PRELIMINARY STATEMENT

1.

Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.—hereinafter the "Act"), seeking statutory damages,

1

actual damages and attorney's fees against Defendants for their use of deceptive, and unfair debt collection practices in violation of the Act.

## JURISDICTION

2.

Plaintiffs invoke the jurisdiction of this Court pursuant to §1692k(d).

## PARTIES

3.

Plaintiffs are natural persons and reside in Prattville, Autauga County, Alabama.

4.

Defendant Client Services which is a corporation organized under the laws of the state of Missouri, with its principal place of business located at 3451 Harry S. Truman Blvd., St. Charles, Missouri 63301.

5.

Defendant Client Services, at all times material to this action, was a debt collector within the meaning of §1692a(6) of the Act, collecting "debts" within the meaning of §1692a(5) of the Act.

6.

Defendant Black is a natural person and is an employee of Client Services; Defendant Black, at all times material to this action, was a debt collector within the meaning of §1692a(6) of the Act, collecting "debts" within the meaning of §1692a(5) of the Act.

## STATEMENT OF FACTS

7.

On or about the first week of November 2004, Plaintiffs started receiving disturbing calls from a blocked number.

8.

Plaintiffs would find a male's voice in their voice mail messages stating the following: "I know you are there, you might as well pick up the phone".

9.

Plaintiffs would find a male's voice in their voice mail messages stating the following: "Hey Charles pick up the phone, I know you are in there, I know there is somebody in that house, I see you in there".

10.

In one occasion, Plaintiff B.B., a seventeen year old minor child was alone in the house, she answered the phone, but once she recognized the male's voice,

3

she became scared and hung up the phone. The unidentified individual called again and left the voice mail message stating the following: "Your car is upfront, you better pick up the phone little girl".

11.

Because plaintiffs did not know who was making such calls to their home, on or about November 16, 2004, plaintiffs made a police report for Harassing Communications. See Exhibit "1".

12.

Plaintiffs also contacted their phone company, Knology and requested the identity of the maker of such harassing calls.

13.

Knology started an investigation to find out where the harassing calls were coming from, but the number was blocked and even Knology could not discover the source of the calls.

14.

Plaintiffs were increasingly scared, worried and intimidated by the nature of such calls.

15.

On or about the last week of November, 2004, Defendant Black finally left his phone number on a voice mail message.

16.

Plaintiffs immediately recognized the voice of Defendant Black as the same voice on the harassing phone calls, and consequently discovered that such calls were coming from debt collector, James Black working for Client Services, Inc.

17.

On or about the last week of November 2004, plaintiff Lynn Petty called Client Services and talked to Frank Crockett, Collections Manager.

18.

Plaintiff Lynn Petty informed Frank Crockett of what James Black had put her family through and requested that Client Services not contact her family again, but instead to contact Charles R. Petty's lawyer, Robert Kaiden, Esq. at Kaiden & Kaiden, LLC.

19.

In response, Frank Crockett, Collections Manager, laughed at Ms. Petty's concerns, and acted rudely and arrogantly towards Plaintiff.

20.

While knowing that Charles R. Petty was represented by an attorney and knowing that the plaintiffs had requested no further contact from Client Services, on or about December 8, 2004, Plaintiff received the first collection letter from Client Services and Black. See Exhibit "2".

21.

Defendant's first collection letter does not contain the required notices pursuant to §1692g(a). See Exhibit "2".

## COUNT I

22.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 21 as if fully set forth herein.

23.

On or about October 2004, defendants' started their collection campaign against Defendant Charles R. Petty.

24.

Defendants' letter of December 8, 2004, herein attached as Exhibit "2", is the first and only written communication plaintiff has received from defendants.

25.

Defendants' letter of December 8, 2004, herein attached as Exhibit "2", does not contain the required notices pursuant to §1692g(a).

26.

Therefore, defendant violated §1692g(a)(1-5) and is liable to plaintiff Charles R. Petty for statutory damages as prescribed by §1692k(a)(2)(A), actual damages pursuant to §1692k(a)(1) in an amount to be determined at time of trial, and reasonable attorney's fees and costs pursuant to §1692k(a)(3).

## COUNT II

27.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 26 as if fully set forth herein.

28.

While knowing that Charles R. Petty was represented by an attorney and knowing that the plaintiffs had requested no further contact from Client Services, on or about December 8, 2004, Plaintiff received the first collection letter from Client Services and Black. See Exhibit "2".

29.

Therefore, defendant violated §1692c(a)(2) and is liable to plaintiff Charles R. Petty for statutory damages as prescribed by §1692k(a)(2)(A), actual damages pursuant to §1692k(a)(1) in an amount to be determined at time of trial, and reasonable attorney's fees and costs pursuant to §1692k(a)(3).

## COUNT III

30.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 29 as if fully set forth herein.

31.

On or about November 16, 2004, because plaintiffs did not know who was making such harassing calls to their home, plaintiffs made a police report for Harassing Communications. See Exhibit "1".

32.

Therefore, defendant violated §1692d and is liable to plaintiff for statutory damages as prescribed by §1692k(a)(2)(A), actual damages pursuant to §1692k(a)(1) in an amount to be determined at time of trial, and reasonable attorney's fees and costs pursuant to §1692k(a)(3).

## COUNT IV

33.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 32 as if fully set forth herein.

34.

On or about November 16, 2004, because plaintiffs did not know who was making such harassing calls to their home, plaintiffs made a police report for Harassing Communications. See Exhibit "1".

35.

Therefore, defendant violated §1692d(2) and is liable to plaintiffs for statutory damages as prescribed by §1692k(a)(2)(A), actual damages pursuant to §1692k(a)(1) in an amount to be determined at time of trial, and reasonable attorney's fees and costs pursuant to §1692k(a)(3).

## COUNT V

36.

Plaintiff realleges and incorporates by reference paragraphs 1 through 35 as if fully set forth herein.

37.

On or about November 16, 2004, because plaintiffs did not know who was making such harassing calls to their home, plaintiffs made a police report for Harassing Communications. See Exhibit "1".

38.

Therefore, defendant violated §1692d(6) and is liable to plaintiff for statutory damages as prescribed by §1692k(a)(2)(A), actual damages pursuant to §1692k(a)(1) in an amount to be determined at time of trial, and reasonable attorney's fees and costs pursuant to §1692k(a)(3).

## COUNT VI

39.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 38 as if fully set forth herein.

40.

On or about November 16, 2004, because plaintiffs did not know who was making such harassing calls to their home, plaintiffs made a police report for Harassing Communications. See Exhibit "1".

41.

Therefore, defendant violated §1692f and is liable to plaintiffs for statutory damages as prescribed by §1692k(a)(2)(A), actual damages pursuant to §1692k(a)(1) in an amount to be determined at time of trial, and reasonable attorney's fees and costs pursuant to §1692k(a)(3).

## COUNT VII

42.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 41 as if fully set forth herein.

43.

On or about November 16, 2004, because plaintiffs did not know who was making such harassing calls to their home, plaintiffs made a police report for Harassing Communications. See Exhibit "1".

44.

Therefore, defendant violated §1692e and is liable to plaintiff for statutory damages as prescribed by §1692k(a)(2)(A), actual damages pursuant to §1692k(a)(1) in an amount to be determined at time of trial, and reasonable attorney's fees and costs pursuant to §1692k(a)(3).

## COUNT VIII

45.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 44 as if fully set forth herein.

46.

On or about November 16, 2004, because plaintiffs did not know who was making such harassing calls to their home, plaintiffs made a police report for Harassing Communications. See Exhibit "1".

47.

Therefore, defendant violated §1692e(10) and is liable to plaintiff for statutory damages as prescribed by §1692k(a)(2)(A), actual damages pursuant to §1692k(a)(1) in an amount to be determined at time of trial, and reasonable attorney's fees and costs pursuant to §1692k(a)(3).

**WHEREFORE,** Plaintiff respectfully prays as follows:

(a) That this case be tried by a jury;

(b) That judgment be entered in favor of plaintiffs against defendants for Counts I through Count VIII of their Complaint;

(c) That judgment be entered in favor of plaintiffs and against defendants for statutory damages as provided for by §1692k(a)(2)(A) of the Act;

12

(d) That judgment be entered in favor of plaintiffs and against defendants for actual damages in an amount to be proven at time of trial as provided for by §1692k(a)(1) of the Act;

(e) That judgment be entered in favor of plaintiffs and against defendants for all costs of this action including attorney's fees as provided for by §1692k(a)(3) of the Act; and

(f) For such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

1850 Lake Park Drive, Suite 204
Smyrna, GA 30080
Tel. (770) 801-9950
Fax (770) 801-9950
Email: kaidenlaw@msn.com

Robert Kaiden
Attorney for Plaintiffs
Georgia State Bar No.: 406030

1850 Lake Park Drive, Suite 204
Smyrna, GA 30080
Tel. (770) 801-9950
Fax (770) 801-9950
Email: kaidenlaw@msn.com

Cristina Kaiden
Attorney for Plaintiffs
Georgia State Bar No.: 406018